**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                  Case No. 06-CR-20411-DT

D-1 - RUDOLPH DALRON WILLIAMS,
D-2 - FRANK PIERCE,
D-3 - DARRYL PIERCE,
D-4 - DERRICK YOUNG,
D-5 - CLARENCE JACKSON,

    Defendants.
_____/

**ORDER DENYING DEFENDANTS CLARENCE JACKSON AND FRANK PIERCE'S MOTIONS TO PRECLUDE RELEASE OF THEIR POST-ARREST STATEMENTS**

On December 12, 2006, the court conducted a status conference in the above-captioned matter. From discussions during the conference, the court gathered the understanding that the Government has adopted an essentially "open file" posture in this case, and has agreed to provide to each Defendant all the information currently in its possession other than grand jury materials and except as provided by the Jenks Act, 18 U.S.C. § 3500.

The court also heard certain concerns of counsel on behalf of Defendants Frank Pierce and Clarence Jackson at the prospect of the Government releasing to other defendants statements made by–or at least attributed to–their clients. The court suggested that to more fully address their concerns, these Defendants may wish to file motions in an effort to persuade the court that there is a basis to preclude the

Government from releasing such post-arrest statements.[1] Motions were filed, and this issue has been fully briefed. The court concludes that a hearing on the motion is not necessary. See E.D. Mich. LCrR 1.21; E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny Defendants' motions.

In his motion, Jackson contends that his statement should not be released because the other Defendants have no right to the disclosure of his statement. (Id.) While none of his co-defendants claim that they have the right to obtain access to the statements at issue, Defendant Derrick Young[2] submits that it is Jackson who has the burden of showing that he has the right to *prevent* the Government from releasing his statement if the Government would be inclined to do so. (Young's Resp. at 1.) The court agrees, and reiterates the position communicated to the Defendants during the conference, that any Defendant seeking to preclude the release of his statement has the burden of demonstrating the legal basis for preventing the Government from releasing that statement.

Jackson primarily argues that the release of his post-arrest statement would serve no useful purpose. Jackson first claims that his statement could not "be remotely helpful to any of the other defendants charged in their respective presentations to the Department of Justice regarding their being subject to the death penalty." (Jackson's Mot. at 2.) Young disagrees, and posits that "[t]here may be aspects of Defendant Clarence Jackson's statement that mitigate the culpability of some of the co-defendants,

---

[1] Because Frank Pierce simply joins in Jackson's motion, the court will address the merits of Jackson's motion only.

[2] Defendant Darryl Pierce joins in the objections submitted by Defendants Young and Rudolph Williams.

2

and this information could be used to persuade the government not to seek the death penalty against those co-defendants." (Young's Resp. at 2.) Furthermore, if the Defendants' statements contain discrepancies, those may also be helpful in "persuad[ing] the Justice Department that there could be witness credibility problems," which may, again, "mitigate against the authorization of the death penalty," or in "persuad[ing] the Department of Justice that the statement of Clarence Jackson is a self-serving statement that should not be given much weight against a particular co-defendant." (*Id.*)

Second, Jackson claims that his statement is unhelpful to his co-defendants because it would be inadmissible hearsay against any of them under Federal Rules of Evidence 801(d)(2)(E) and 802, and would also be inadmissible under *Crawford v. Washington*, 541 U.S. 36 (2004) and *Davis v. Washington*, ___ U.S. ___; 126 S. Ct. 2266 (2006). (Jackson's Mot. at 2.) Both Williams and Young agree the statements are inadmissible as against them, but submit that it is this inadmissibility that supports their disclosure. (Young's Resp. at 3; Williams's Resp. at 2.) Williams and Young contend that because Jackson's statement would be admissible as against him in their joint trial, they need to read the statement to determine whether to file a motion for severance under Federal Rule of Criminal Procedure 14. (Young's Resp. at 3; Williams's Resp. at 2.)

Finally, Jackson argues that it is unnecessary to provide his co-defendants with his statement at this stage in the litigation because his statement will not be used at trial if the court determines that the police obtained the statement in violation of Jackson's constitutional rights. (Jackson's Mot. at 2.) Young contends that even if Jackson's

3

statement was "obtained involuntarily or in violation of the Fourth Amendment . . . the remedy for such a constitutional violation is suppression of the statement at trial, not expungement of the statement from the eyes of the co-defendants. Defendant cites no law in support of the latter." (Young's Resp. at 3.)

Given the numerous and compelling reasons raised by Young and Williams as to why Jackson and Frank Pierce's statements may be helpful to the other Defendants, the court easily finds that releasing the statements could serve a useful purpose. Because Jackson and Frank Pierce offer no other substantive rationale that would authorize this court to prevent the Government from releasing the statements to other Defendants, they have failed to satisfy the burden established by the court.

IT IS ORDERED that Defendant Clarence Jackson's "Motion to Preclude Release of Clarence Jackson's Post-Arrest Statement" [Dkt. #64] and Defendant Frank Pierce's "Joinder in Motion to Exclude Post-Arrest Statement" [Dkt. #66] are DENIED.

 S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: February 2, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 2, 2007, by electronic and/or ordinary mail.

 S/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522